**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASE NO.  4:08cr26-RH

VERNON FAULK,

         Defendant.

_____/

**ORDER SETTING PROCEDURES ON
A POSSIBLE SENTENCE REDUCTION
UNDER THE FIRST STEP ACT**

        The defendant Vernon Faulk has moved for a sentence reduction under the

First Step Act. The Act makes retroactive changes in the penalty range—the

minimum and maximum sentences—for a subset of crack-cocaine offenses. The

government has not responded to the motion, and the deadline to respond has

passed. This order determines that Mr. Faulk is eligible for a reduction and

establishes procedures for considering the amount of any reduction.

# I

The statutory penalty range for a crack-cocaine trafficking offense can increase based on the quantity of the drug involved in the offense and based on the defendant's prior convictions.

The Fair Sentencing Act took effect in 2010. It changed the quantity of crack that triggers an increase in the penalty range. The increase previously triggered by 5 grams or more now was triggered by 28 grams or more. *See* Fair Sentencing Act, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372 (2010). The increase previously triggered by 50 grams or more now was triggered by 280 grams or more. *Id*. § 2(a)(1). But these changes were not retroactive—an individual who already had been sentenced could not obtain a sentence reduction on this basis.

The First Step Act, which took effect on December 21, 2018, makes these changes partially retroactive, allowing (but not requiring) a court to reduce the sentence of a person whose penalty range would have been different based on the Fair Sentencing Act's changes in the quantity of crack that triggers an increase. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

The First Step Act also changes the definition of prior convictions that can subject a defendant to an increase in the penalty range and changes the low end of a range that is increased based on one or more prior convictions. But these

changes, standing alone, do not allow a court to reduce a sentence already imposed.

The change in the definition of prior convictions has two parts. First, under the prior law, any "felony drug" conviction—including one for mere possession—could support an increase, regardless of the sentence actually imposed or how old the conviction was. *See* 21 U.S.C. § 841(b)(1)(A) & (B). But under the First Step Act, only a drug-*trafficking* conviction can trigger an increase, and even then, only if the statutory maximum sentence was ten years or more, the defendant actually served more than one year, and the defendant was released not more than 15 years before the new offense began. *See* First Step Act § 401(a)(1). Second, the First Step Act adds a new category of prior offenses that can trigger an increase: a "serious violent felony" meeting specified conditions, including that the defendant actually served more than one year in prison. *Id*.

## II

A one-count indictment charged Mr. Faulk with distributing 5 grams or more of crack cocaine on March 20, 2008. Mr. Faulk pleaded guilty. The charge and conviction resulted from Mr. Faulk's sale of 11.1 grams of crack to an individual who was cooperating with law enforcement.

Because Mr. Faulk had one or more prior felony drug convictions, the minimum sentence was 10 years in prison, and the maximum was life. But under

the Fair Sentencing Act, an increase in the penalty range is triggered only by 28 grams of crack or more. For a defendant like Mr. Faulk who has a prior felony drug offense and commits an offense involving 11.1 grams of crack, there is no minimum sentence, and the maximum is 30 years. This would be Mr. Faulk's penalty range under the Fair Sentencing Act.

This analysis is not changed by the fact that, for purposes of calculating the guideline range, Mr. Faulk was held responsible for 2.95 kilograms of crack. Statutory penalty ranges are determined by the amount of a drug involved in the offense of conviction. Here that was 11.1 grams. For guideline purposes, relevant conduct is taken into account. Mr. Faulk engaged in relevant conduct—other drug transactions—that made him responsible under United States Sentencing Guidelines Manual § 2D1.1 for 2.95 kilograms of crack. But the relevant conduct did not affect the statutory penalty range or—as pertinent now—Mr. Faulk's eligibility for relief under the First Step Act.

The bottom line is this. Under the law at the time of sentencing, Mr. Faulk's 11.1-gram offense subjected him to a minimum sentence of 10 years and maximum of life. Under the Fair Sentencing Act, the 11.1-gram offense would have subjected him to no minimum and to a maximum of 30 years. Under the First Step Act, the change in the penalty range makes Mr. Faulk eligible for a sentence reduction.

## III

At the time of sentencing, Mr. Faulk's base offense level, because the relevant conduct involved 2.95 kilograms of crack, was 36. With a 2-level increase for possession of a firearm in connection with the offense and a 3-level reduction for acceptance of responsibility, the total offense level was 35. The criminal history category was VI. The guideline imprisonment range was 292 to 365 months. Mr. Faulk was sentenced to 292 months, the low end of the range.

Under United States Sentencing Guidelines Amendment 782, the base offense level was 34, the total offense level was 33, the criminal history category remained VI, and the guideline range was 235 to 293 months. The sentence was reduced to 235 months, the low end of the new range.

This is still the guideline range. Neither the Fair Sentencing Act nor the First Step Act changes this.

## IV

Any sentence reduction under the First Step Act is discretionary. In deciding whether and how much to reduce a defendant's sentence, a court may consider the sentencing factors in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct. *Cf.* U.S. Sentencing Guidelines Manual § 1B1.10 cmt.

n.1(B) (indicating a court should consider these factors in considering a reduction based on a retroactive guideline amendment).

A court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the [statutory sentencing] purposes." 18 U.S.C. § 3553(a). At the time of the original sentencing, the low-end sentence was held sufficient but not greater than necessary. When the Sentencing Commission adopted Amendment 782, a sentence at the low end of the new range was again held sufficient.

Intervening circumstances can properly be considered in deciding whether a sentence at the low end of the range is now greater than necessary. Mr. Faulk asserts there are intervening circumstances—that he has incurred no discipline and has completed courses in the Bureau of Prisons. To this point Mr. Faulk has proceeded pro se. This order appoints an attorney to represent Mr. Faulk—unless he wishes to proceed pro se—and directs the clerk to set a status conference so that further procedures may be addressed.

For these reasons,

IT IS ORDERED:

1. The Federal Public Defender Randolph P. Murrell is conditionally appointed to represent Mr. Faulk. The representation will continue unless Mr. Faulk chooses to proceed pro se or until otherwise ordered.

2. By a separate notice, the clerk must set a status conference for the first available date on or after May 13, 2019.

3. The clerk must provide copies of this order to Mr. Faulk himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on April 23, 2019.

s/Robert L. Hinkle
United States District Judge